**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONSEAL INTERNATIONAL**
**INCORPORATED ,**

                **Plaintiff,**

**-vs-**                                                         **Case No. 6:08-cv-778-Orl-31DAB**

**NUTEK INTERNATIONAL, INC., and**
**DOUGLAS A. MOXLEY,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT (Doc. No. 11)**
>
> **FILED:**     **August 19, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks entry of default judgment in this trademark infringement action, following the entry of a Clerk's default (Doc. No. 10). As this Court finds that the default was entered in error, it is **respectfully recommended** that the Clerk's default be **vacated** and the motion **denied,** due to an insufficient showing of effective service of process on the Defendants.

It is axiomatic that the Court can only enter judgment against a party properly before the Court and, assuming that the Court has jurisdiction over the action and the parties, that is accomplished

Case 6:08-cv-00778-MSS-DAB   Document 12   Filed 08/21/08   Page 2 of 5 PageID 78

through appropriate service of process or waiver of same. Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.[1]

Regarding service on the individual defendant, both Florida and the federal rule provide essentially the same procedure – personal service on the individual or delivery to the usual place of abode. *See*; Fla. Stat. § 48.031. Thus, absent any waiver, Plaintiff was required to show that service was had either by personal delivery or by delivery to an appropriate person at Plaintiff's place of abode. Here, according to the Affidavit of Service (Doc. No. 8), Defendant Douglas Moxley was to be served at an address in Ponte Verde Beach, in a gated community, but no-one answered the call box. The Affidavit continues:

> On 6/14/2008 at 3:50 p.m., no change, spoke with guard at gate who stated house is starting to look vacant. On 6/20/2008 at 4:10 PM, at 14750 Beach Blvd. #51 spoke with painter in condo who stated subject was in #62 as he owned both units. Went to unit #62, knocked on door, Mr. Moxley yelled who is it, looked through the peep hole but would not answer the door. Documents were left securely in door knob, after confirming with painter again in #51.

(Doc. No. 8). Thus, the process server certifies that Moxley was "individually/personally" served at Unit 62 in Jacksonville, Florida.

---

[1] *See also* Rule 4(h), with respect to service on a corporate defendant.

Initially, the Court notes that the certification is belied by the above recitation, indicating that the process server merely left documents at an address (not the address provided) based on an unnamed painter's representation (made at a different address) that "the subject" owned Unit 62. Although the Affidavit asserts that "Mr. Moxley" yelled "who is it," there is no showing that the person was, in fact, Mr. Moxley. The man did not answer the door but only looked through the peep hole (the server does not claim to have seen him sufficiently to identify him) and there is no evidence that the man either identified himself as Mr. Moxley or that the process server had a basis to otherwise identify the voice. There is also no indication that the address is, in fact, defendant's abode, nor is there a showing that the man, if not Moxley, was someone of suitable age residing therein. While Florida law does provide that, in some circumstances, service can not be avoided by merely refusing to open the door, here, at best, the proof of service indicates that a man was served at an address which has not been shown to be defendant's abode. *See Herskowitz v. Schwarz & Schiffrin,* 411 So.2d 1359 (Fla. 3rd DCA 1982) (service insufficient where the process server went to the defendant's residence, knocked on the door and a male voice answered. The unknown male refused to open the door so the process server left the papers on the door step and departed.) Under Florida law, the burden of proving the validity of service of process is on the plaintiff. *Martin v. Salvatierra*, 233 F.R.D. 630 (S.D. Fla. 2005). Absent such a critical showing, the Court finds the motion to be premature.

Similarly, service has not been established with respect to the corporate defendant, which was purportedly served at the same time and manner as the individual defendant (Doc. No. 7). The Summons lists "Draughon Attorneys at Law, 822 A1A North 205 Ponte Vedre Beach" as the agent to be served. This is consistent with the corporation's filings in the State of Florida's public records,

Case 6:08-cv-00778-MSS-DAB   Document 12   Filed 08/21/08   Page 4 of 5 PageID 80

which lists Draughon as the corporation's registered agent. Service was not had upon this agent, however, but upon Mr. Moxley, as "registered agent," at the Unit 62 address, as detailed above. To the extent service was to be made upon the registered agent, there is no showing that service was made in accordance with Fla. Stat. § 48.081. Specifically, service was not made on the agent designated by the corporation or at the address provided in the state records. To the extent the address was no longer valid, Florida law provides that "if service cannot be made on a registered agent because of failure to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." § 48.081(3)(a). There is no indication that such was had here.[2]

As proper service is not evident on this record, the Court respectfully recommends denial of the motion and that the clerk's default be vacated. As Plaintiff may be able to supplement the record to provide a sufficient evidentiary basis to conclude that the service requirements were met, this denial is without prejudice to renewal of the motion, if the appropriate showing can be made.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 21, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] While corporate service may also be had upon serving certain officers or directors of the corporation, the Affidavit of service specifically noted Moxley was served as registered agent, not in his role as corporate officer. Moreover, the Unit 62 address does not appear as a corporate address or as the address listed for Moxley in the corporate records.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy